

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| RACHAEL A. HONIG<br>*Acting United States Attorney* | *401 Market Street, Fourth Floor*<br>*Camden, New Jersey 08101-2098* |
| DANIEL A. FRIEDMAN<br>*Assistant United States Attorney* | *Direct Dial: 856.968.4867*<br>*Email: Daniel.friedman2@usdoj.gov* |

September 10, 2021

Thomas Young, Esq.
Assistant Federal Public Defender
800-840 Cooper Street
Suite 350
Camden, NJ 08102

Re: **Plea Agreement with Joseph Cooper**

Dear Mr. Young:   CR. 22-00605-001 (RMB)

This letter sets forth the plea agreement between your client, Joseph Cooper, and the United States Attorney for the District of New Jersey ("the Office"). Should your client wish to accept this agreement, the executed agreement must be received by this Office no later than the close of business on **October 1, 2021**. If an executed agreement is not returned to this Office by that date, this offer will expire.

### Charges

Conditioned on the understandings specified below, the Office will accept a guilty plea from Joseph Cooper to a one-count Information, which charges Joseph Cooper with one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). If Joseph Cooper enters a guilty plea to this Information and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Office will not initiate any further criminal charges against Joseph Cooper for receiving, distributing or possessing child pornography in or about October 2020. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Joseph Cooper agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Joseph Cooper may be commenced against him, notwithstanding the expiration of the limitations period after Joseph Cooper signs the agreement.

1

## Sentencing

The violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) to which Joseph Cooper agrees to plead guilty carries a statutory maximum prison sentence of 20 years because at least one image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(2), if the Court determines that Joseph Cooper has a prior conviction under Chapter 110, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then the violation of 18 U.S.C. § 2252A(a)(5)(B) to which Joseph Cooper agrees to plead guilty instead carries a mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of 20 years.

The sentence to be imposed upon Joseph Cooper is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Joseph Cooper ultimately will receive.

Further, in addition to imposing any other penalty on Joseph Cooper, the sentencing judge: (1) will order Joseph Cooper to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Joseph Cooper to pay restitution pursuant to 18 U.S.C. § 2259, including mandatory restitution of not less than $3,000 per victim; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583(k) must require Joseph Cooper to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

Should Joseph Cooper while on supervised release violate any of the conditions of supervised release before the expiration of its term, Joseph Cooper may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Joseph Cooper while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, Joseph Cooper must be sentenced to at least 5 years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the sentencing judge finds Joseph Cooper to be indigent, an additional mandatory special assessment of $5,000 must also be imposed. 18 U.S.C. § 3014 is currently set to expire on September 30, 2021. If Joseph Cooper is not sentenced on or before September 30, 2021, he will not be required to pay the mandatory special assessment of $5,000 unless Congress extends, reauthorizes, or reimplements 18 U.S.C. § 3014 (or a comparable statute) prior to Joseph Cooper's sentencing, in which case he will be required to pay the mandatory special assessment of $5,000.

In addition, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the sentencing judge shall require Joseph Cooper to pay an assessment of not more than $17,000 for the offense charged in the Information. In determining the amount of this assessment, the sentencing judge will consider the factors set forth in 18 U.S.C. § 3553(a) and 3572.

### **Rights of The Office Regarding Sentencing**

Except as otherwise provided in this agreement, the Office reserves the right to take any position with respect to the appropriate sentence to be imposed on Joseph Cooper by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Joseph Cooper's activities and relevant conduct with respect to this case.

### **Stipulations**

The Office and Joseph Cooper agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Office is based on the information and evidence that the Office possesses as of the date of this agreement. Thus, if the Office obtains or

receives additional evidence or information prior to sentencing that they determine to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Office or Joseph Cooper from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Office and Joseph Cooper waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Joseph Cooper agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all digital media, including media recovered during the search of Joseph Cooper's residence and vehicle on October 20, 2020, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 110 of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information and all property traceable to such property (the "Forfeitable Property," which includes the item listed on Schedule B hereto).

Joseph Cooper further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Joseph Cooper agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Joseph Cooper understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Joseph Cooper further agrees that the federal agency in possession of the Forfeitable Property may, in its discretion, destroy or cause the destruction of the Forfeitable Property.

Joseph Cooper hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Restitution

Pursuant to 18 U.S.C. §§ 2259 and 3663, Joseph Cooper agrees to pay restitution to the victims of the offense to which Joseph Cooper is pleading guilty. Joseph Cooper also agrees that the Court may order restitution to any victim of any relevant conduct, as defined in United States Sentencing Guidelines, Section 1B1.3, in connection with the offenses to which Joseph Cooper is pleading guilty. Joseph Cooper understands that the Court must order mandatory restitution of not less than $3,000 per victim for the offense charged in the Information.

## Immigration Consequences

Joseph Cooper understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Joseph Cooper understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Joseph Cooper wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Joseph Cooper understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Joseph Cooper waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Registration Consequences

Joseph Cooper understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Joseph Cooper wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Joseph Cooper understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Joseph Cooper waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

Joseph Cooper has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Joseph Cooper resides; where he is an employee; and where he is a student. Joseph Cooper understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information.

Joseph Cooper further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Joseph Cooper has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, the Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Joseph Cooper. This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceeding against Joseph Cooper.

No provision of this agreement shall preclude Joseph Cooper from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Joseph Cooper received constitutionally ineffective assistance of counsel.

(Continued on next page)

## No Other Promises

This agreement constitutes the plea agreement between Joseph Cooper and the Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
United States Attorney
District of New Jersey

By: DANIEL A. FRIEDMAN
Assistant United States Attorney

APPROVED:

MOLLY S. LORBER
Attorney-in-Charge, Camden

7

I have received this letter from my attorney, Thomas Young, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 10-23-2
JOSEPH COOPER


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 10-23-21
Thomas Young, Esq.
Counsel to Defendant JOSEPH COOPER

8

## Plea Agreement with Joseph Cooper

### Schedule A

1. The Office and Joseph Cooper recognize that the United States Sentencing Guidelines are not binding upon the Court. The Office and Joseph Cooper nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline for the offense of conviction—possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2)—is U.S.S.G. § 2G2.2(a)(1), which carries a Base Offense Level of 18.

4. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(2) applies because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. This Specific Offense Characteristic results in an increase of 2 levels.

5. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(4) applies because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. This Specific Offense Characteristic results in an increase of 4 levels.

6. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(6) applies because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material. This Specific Offense Characteristic results in an increase of 2 levels.

7. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(7)(D) applies because the offense involved 600 or more images. This Specific Offense Characteristic results in an increase of 5 levels.

8. As of the date of this letter, Joseph Cooper has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Joseph Cooper's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Joseph Cooper has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently. At sentencing, the Office will move for a further 1-point reduction in Joseph Cooper's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Joseph Cooper enters a plea pursuant to this agreement, (b) the Office in their discretion determine that Joseph Cooper's acceptance of responsibility has continued through the date of sentencing and Joseph Cooper therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Joseph Cooper's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Joseph Cooper is 28 (the "agreed total Guidelines offense level").

11.     The parties acknowledge that, if the Court determines that Joseph Cooper has a prior conviction under Chapter 110, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then a mandatory minimum prison sentence of 10 years will apply to the offense of conviction.

12.     The parties agree that on November 23, 1999, Joseph Cooper was convicted in the U.S. District Court for the District of New Jersey of interstate transport of child pornography by computer via the internet, in violation of 18 U.S.C. § 2252(a)(1). The parties further agree that on May 27, 2011, Joseph Cooper was convicted in the Superior Court of New Jersey, Burlington County, of cruelty and neglect to a child, in violation of N.J.S.A. 9:6-3. The Office reserves the right to argue that either or both of these two prior convictions require imposition of a mandatory minimum prison sentence. Joseph Cooper reserve the right to argue that these two prior convictions do not require imposition of a mandatory minimum prison sentence.

13.     The parties agree not to seek or argue for any upward or downward departures or adjustments not set forth herein. Joseph Cooper reserves the right, however, to argue at Step III of sentencing for a downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). The Office reserves the right to oppose any such application.

14.     Joseph Cooper knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 28. The Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 28. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category, unless precluded from doing so by virtue of the stipulations set forth herein. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

### Plea Agreement with Joseph Cooper

### Schedule B

Joseph Cooper agrees to forfeit and consents to the destruction of the following item, which belonged to Joseph Cooper and was acquired during the search of his residence and vehicle on October 20, 2020:

1. One (1) 16 gigabyte thumb drive;
2. One (1) AMD Athlon computer bearing serial number 180208907187;
3. One (1) 40-gigabyte Western Digital hard drive, Model WD400, bearing serial number WMA6R1028998;
4. One (1) Seagate 60-gigabyte hard drive, Model ST360020A, bearing serial number K12611891;
5. One (1) HP Pavilion desktop computer, Model 590-p0033w, bearing serial number 8CG8463022028;
6. One (1) Toshiba 1-terabyte hard drive, Model DT01ACA100, bearing serial number X8HZ4Y9MS;
7. One (1) Lenovo H420 desktop computer, Model 77523FU, bearing serial number ES07896338029; and
8. One (1) Seagate Barracuda 1-terabyte hard drive, Model ST31000524AS, bearing serial number 9VPFAC26.